Eric J. Fromme (State Bar No. 193517)
efromme@rutan.com
Timothy A. Spivey (State Bar No. 269084)
tspivey@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendant
CALIFORNIA BANK & TRUST, as assignee of the
FDIC, receiver for Vineyard Bank, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>HOWELL & MCNEILL DEVELOPMENT, LLC,<br><br>Debtor. | Case No. 11-53338<br><br>Chapter 11<br><br>Adversary Proceeding<br><br>Case No. 11-05205 |
| HOWELL & MCNEILL DEVELOPMENT, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>VINEYARD BANK, N.A. and CALIFORNIA BANK & TRUST,<br><br>Defendants. | **DEFENDANT CALIFORNIA BANK & TRUST'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>[Filed Concurrently with Notice of Motion; Motion; and Declaration of Ryan Clark]<br><br>Date: September 8, 2011<br>Time: 9:30 a.m.<br>Dept.: 3099 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT.

Plaintiff Howell & McNeill Development, LLC ("*Plaintiff*") has failed to state claims for which relief may be granted in its Adversary Complaint (the "*Complaint*") against defendant California Bank & Trust, as assignee of the FDIC, receiver for Vineyard Bank, N.A. ("*CBT*"). In the Complaint, Plaintiff asserts two claims for relief: (1) breach of contract and (2) declaratory relief.

Both claims fail to the extent that they are based on a deed of trust between Corte de Rosa Homes, LLC ("*Corte*") and Vineyard Bank, N.A. ("*Vineyard*") (the "*Corte DOT*") because Plaintiff is neither a party to nor a beneficiary of the Corte DOT. Declaration of Ryan Clark ("*Clark Decl.*"), ¶ 7, Ex. A. Thus, Plaintiff is not a real party in interest and cannot bring an action thereunder.

Plaintiff's breach of contract claim fails because it alleges a breach based on an oral promise to provide a construction loan made by Vineyard Bank, N.A.. California's statute of frauds requires any promise to lend money in an amount over $100,000 to be in writing. Cal. Civ. Code § 1624(a)(7). Because Plaintiff alleges that Vineyard's promise to provide the additional Construction Loan arose from "prior discussion and dealings between and practice of the parties," this contract could only be oral and is, thus, barred by the statute of frauds. [Complaint, ¶ 8.] Even if the purported promise to lend money was for an amount less than $100,000, Plaintiff's claim fails because it does not state an essential term, i.e. the amount of the contract.

The breach of contract claim also fails because the remaining alleged breaches are contradicted by the written deed of trust upon which the breaches are based. Plaintiff claims that CBT breached the written deed of trust by failing to provide a payoff figure. However, under the terms of the written deed of trust, Plaintiff expressly waived any right to demand a payoff statement from CBT. Clark Decl., ¶ 8, Ex. B.

Plaintiff's declaratory relief claim fails because it does not allege any facts showing that a controversy exists between the parties.

Rutan & Tucker, LLP
attorneys at law

2464/019005-0005
2257871.1 a08/08/11

Memorandum Of Points and Authorities In Support Of Motion to Dismiss

-1-

Case 11-05205   Doc# 8   Filed: 08/08/11   Entered: 08/08/11 17:17:13   Page 2 of 9

Based on the foregoing, the Court should grant CBT's Motion and dismiss Plaintiff's Complaint in its entirety without leave to amend.

## II. STATEMENT OF FACTS.

### A. The Purchase Loan.

On August 9, 2007, Corte executed a promissory note (the "*Note*") and business loan agreement (the "*Loan Agreement*") with Vineyard, CBT's predecessor in interest, for the maximum commitment amount of $2,592,500.00. [*Docket No. 1* ("*Complaint*"), ¶ 6.] Corte used the loan funds to purchase certain real property in San Jose, California, A.P. No. 575-16-053 (the "*Corte Property*"). Id. at ¶ 8.

In connection with the Note and Loan Agreement, Corte executed a deed of trust (the "*Corte DOT*") in favor of Vineyard on the Corte Property. Complaint, ¶ 6. For additional security, Plaintiff executed a second deed of trust (the "*H&M DOT*") in favor of Vineyard on certain real property on Beach Drive in Aptos, CA, A.P. No. 043-161-53.[1] Id. at ¶ 7.

### B. The Alleged Oral Promise To Provide Construction Financing

Plaintiff alleges that, during the discussions surrounding the Purchase Loan, and based on its prior dealings with Vineyard, Vineyard promised to make an additional loan to fund construction on the Corte Property (the "*Construction Loan*"). Complaint, ¶ 8. Plaintiff claims that, in November of 2008, Vineyard informed Corte that it was shutting down construction funding in northern California and would not be able to fund the Construction Loan. Id. at ¶ 10.

### C. Plaintiff's Breach Of Contract Claims.

Although the Complaint is not clear, Plaintiff's breach of contract claim appears to be based on two different contracts: (1) an oral contract between Vineyard and Plaintiff for the additional Construction Loan; and (2) breach of the H&M DOT.

First, Plaintiff alleges that it and Corte requested Vineyard, and later CBT, to honor

---

[1] The August 9, 2007 transaction, including the Note, Loan Agreement, Corte DOT, and H&M DOT will be referred to as the "*Purchase Loan*."

Memorandum Of Points and Authorities In Support Of Motion to Dismiss
-2-
Case: 11-05205  Doc# 8  Filed: 08/08/11  Entered: 08/08/11 17:17:13  Page 3 of 9

the purported promise to make the Construction Loan but Vineyard and CBT refused. Id. at ¶ 11. Plaintiff asserts that CBT's refusal constitutes a breach of contract. Id. at ¶ 20. Because Plaintiff alleges that Vineyard's promise to provide the additional Construction Loan arose from "prior discussion and dealings between and practice of the parties," this contract could only be oral. Id. at ¶ 8.

Second, Plaintiff claims that it and Corte requested that CBT provide payoff figures for the Corte DOT and the H&M DOT but CBT refused. Id. at ¶ 13. Without attaching a copy of either deed of trust, Plaintiff alleges that the terms of the Corte DOT and H&M DOT require CBT to provide a payoff figure and that CBT breached the Corte DOT and H&M DOT "by not providing a payoff figure for the deed of trust, and by not providing a payoff figure for the deed of trust in a timely manner." Id. at ¶ 20. However, neither the Corte DOT nor the H&M DOT contain any provision requiring CBT to provide a payoff figure. Clark Decl., ¶ 7 & 8, Exs. A & B. In fact, Plaintiff expressly waived any right it may have had to demand a payoff figure from CBT: "Except as prohibited by applicable law, **Trustor [Plaintiff] waives any right to require Lender to (a) make any presentment, protest, demand or notice of any kind**." Id. at p. 1.

### D. The Declaratory Relief Claim.

Plaintiff also asserts a claim for declaratory relief which, in total, states "An actual controversy regarding the respective rights of the parties relative to the deeds of trusts and related obligations has arisen such that the court's determination of the rights of the parties is necessary." Complaint, ¶ 22. Although the declaratory relief claim incorporates by reference all other paragraphs, the Complaint does not indicate the nature of the supposed controversy, how that controversy is immediate, or what rights the Court must determine with respect to the Corte DOT and H&M DOT. Only in the Prayer for Relief does Plaintiff seek "a determination and declaration that the maximum lien on the [H&M DOT] shall not exceed at any one time $877,500.00." Complaint, [Prayer for Relief, ¶ 3.]

Rutan & Tucker, LLP
attorneys at law

2464/019305-0005
2257871.1 a08/08/11

Memorandum Of Points and Authorities In Support Of Motion to Dismiss

-3-

Case 11-05205  Doc# 8  Filed: 08/08/11  Entered: 08/08/11 17:17:13  Page 4 of 9

## III. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

### A. Standard For Granting A Motion Under Rule 12(b).

By way of Federal Rule of Bankruptcy Procedure 7012, Federal Rules of Civil Procedure 12(b)(6) allows a party to challenge a complaint for "failure to state a claim upon which relief may be granted." Such a motion must be granted if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). Put another way, dismissal is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

Additionally, in ruling on a Rule 12(b)(6) motion, the court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. In re Delorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993); Beliveau v. Caras, 873 F. Supp. 1393, 1395-96 (C.D. Cal. 1995); Transphase Sys., Inc. v. Southern California Edison Co., 839 F. Supp. 711, 718 (C.D. Cal. 1993). If a plaintiff fails to attach a document referred to in the complaint, a defendant may attach to a Rule 12(b)(6) motion that document referred to show that it does not support plaintiff's claim. Branch v. Tunnell 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds in Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002). This prevents "a plaintiff with a legally deficient claim [from surviving] a motion to dismiss simply by failing to attach a dispositive document on which it relied." Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3rd Cir. 1993).

As shown below, the Complaint suffers substantive deficiencies that bar each of Plaintiff's Claims for Relief, mandating that this motion be granted without leave to amend.

### B. Plaintiff Cannot Assert Any Claim On The Corte DOT Because It Is Not

Rutan & Tucker, LLP
attorneys at law

2464/019005-0005
2257871.1 a08/08/11

-4-

Memorandum Of Points and Authorities In Support Of Motion to Dismiss

Case 2:11-05205  Doc# 8  Filed: 08/08/11  Entered: 08/08/11 17:17:13  Page 5 of 9

**A Real Party In Interest**.

It is axiomatic that "[a]n action must be prosecuted in the name of the real party in interest. FRCP 17(a). "When a lawsuit is based upon a contract, only the contracting parties and any intended beneficiaries of that contract are real parties in interest." Ditto v. JP Morgan Chase N.A., 2011 U.S. Dist. LEXIS 2409 (N.D. Cal. Jan. 10, 2011).

Although vaguely pled, Plaintiff appears to assert its breach of contract and declaratory relief claims under both the Corte DOT and the H&M DOT. Complaint, ¶¶ 20 & 22. Plaintiff cannot show that it is the real party in interest under the Corte DOT because Plaintiff is not a party to it nor is it a beneficiary. Clark Decl., ¶ 7, Ex. A. Thus, to the extent Plaintiff asserts any claim under the Corte DOT, Plaintiff's claim must be dismissed <u>without leave to amend</u>.

C. **Plaintiff's Claim For Relief For Breach of Contract Fails**.

1. **Plaintiff's Breach Of Contract Claim Based On An Alleged Oral Agreement For A Loan Over $100,000 Is Barred By The Statute Of Frauds.**

Plaintiff alleges Vineyard orally agreed to provide a construction loan to Plaintiff. [Complaint, ¶ 8.] Actions on oral promises to lend money in excess of $100,000 are barred by the statute of frauds:

> The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing subscribed by the party to be charged or by the party's agent:
>
> (7) A contract, promise, undertaking, or commitment to loan money or to grant or extend credit, in an amount greater than one hundred thousand dollars ($100,000), not primarily for personal, family, or household purposes, made by the person engaged in the business of lending or arranging for the lending of money or extending credit.

Cal. Civ. Code § 1624(a)(7).

Although Plaintiff does not specify the amount of the alleged oral promise, a review of the Complaint indicates that the loan amount must exceed $100,000. Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("for a complaint to survive a

Rutan & Tucker, LLP
attorneys at law

2464/019005-0205
2257871.1 a08/08/11

Memorandum Of Points and Authorities In Support Of Motion to Dismiss

-5-

Case 1:19-05205 Doc# 8 Filed: 08/08/11 Entered: 08/08/11 17:17:13 Page 6 of 9

motion to dismiss, the non-conclusory 'factual content,' *and reasonable inferences from that content*, must be plausibly suggestive of a claim entitling the plaintiff to relief) (emphasis added). Plaintiff claims that the Corte and H&M DOTs were executed in connection with a $2,592,500.00 Purchase Loan to purchase the Corte Property. [Complaint, ¶¶ 6-7.] Plaintiff then alleges that, in connection with its attempts to obtain the construction loan, Vineyard obtained an appraisal showing an "As-Is Market Value" of $2,475,000 with future market values ranging between $3,000,000 and $6,320,000. [Complaint, ¶ 10.] Essentially, Plaintiff would obtain a construction loan from Vineyard for the purpose of developing the Corte Property and increasing its value anywhere between $525,000 and $3,845,000. Under these facts, it is inconceivable that Plaintiff could develop the Corte Property with a construction loan for less than $100,000 and increase the value of the Corte Property by up to $3,845,000. Thus, the alleged oral promise to make the construction loan must be for an amount over $100,000 and Plaintiff's breach of contract claim is barred by the statute of frauds. Cal. Civ. Code, § 1624(a)(7).

### 2. **Plaintiff's Breach Of Contract Claim Fails Because It Omits The Amount Of The Alleged Oral Agreement**.

"Where a party relies in his complaint upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in hæc verba, nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient." Joe Hand Promotions v. Campbell, 2011 U.S. Dist. LEXIS 86713 (D. Cal. 2011), quoting Gilmore v. Lycoming Fire Ins. Co., 55 Cal. 123, 124 (1880). "In the lending context, '[a] loan commitment is not binding on the lender unless it contains all of the material terms of the loan,' which 'include the identity of the lender and borrower, the amount of the loan, and the terms for repayment.'" Sipe v. Countrywide Bank, 690 F. Supp. 2d 1141, 1159 (E.D. Cal. 2010), quoting Peterson Dev. Co. v. Torrey Pines Bank, 233 Cal. App. 3d 103, 115 (1991).

Here, Plaintiff has failed to allege the amount of the purported oral agreement to lend money, a material term of any contract. Thus, even if the Court is unwilling to

conclude that the oral agreement to lend money was for an amount over $100,000, Plaintiff's breach of contract cause of action fails regardless because it does not state the basic terms of the supposed oral agreement.

### 3. **Plaintiff Explicitly Waived Any Right To A Payment Demand In The Deed Of Trust**.

Plaintiff claims that CBT breached the H&M DOT "by not providing a payoff figure for the deed of trust, and by not providing a payoff figure for the deed of trust in a timely manner." Complaint, ¶ 20. However, Plaintiff purposefully failed to attach the H&M DOT to the Complaint, and for good reason: the H&M DOT contains no contractual right to a payoff figure and, in fact, Plaintiff expressly waived any right to such a demand. Clark Decl., ¶ 8, Ex. B. Thus, Plaintiff's breach of contract claim cannot survive because it is based on a non-existent contractual term and, regardless, Plaintiff waived its right to a payoff demand.

### D. **Plaintiff's Declaratory Relief Claim Fails Because It Does Not Allege A Controversy This Court Can Adjudicate**.

To state a valid claim for declaratory relief, a plaintiff must allege sufficient facts to show that an actual controversy exists. Forsythe v. Holder, 2009 U.S. Dist. LEXIS 71944 at *10 (N.D. Cal. Aug. 14, 2009). "In the absence of factual allegations showing a controversy of 'sufficient immediacy and reality' to warrant declaratory relief, a district court lacks jurisdiction to consider a claim for declaratory relief." Id.

Here, Plaintiff's claim for declaratory relief is hopelessly vague and does not indicate the nature of the controversy, how that controversy is sufficiently immediate, or even what rights this Court must determine with respect to the Corte DOT. To the extent Plaintiff's prayer for relief requests a determination that the maximum lien on the Corte deed of trust and Beach deed of trust does not exceed a certain amount, a prayer is not an allegation and cannot form the basis of a claim for relief. S. Cal. Water Co. v. Aerojet-General Corp., 2003 U.S. Dist. LEXIS 26534 (C.D. Cal. Apr. 1, 2003) (explaining that "the Court must look beyond the prayer for relief and to the substantive allegations of the

Rutan & Tucker, LLP
attorneys at law

2464/019005-0005
2257871.1 a08/08/11

Memorandum Of Points and Authorities In Support Of Motion to Dismiss
-7-

Case 1:11-05205   Doc# 8   Filed: 08/08/11   Entered: 08/08/11 17:17:13   Page 8 of 9

complaint to find support for a claim" and dismissing injunctive relief claim for failure to state ongoing harm to plaintiff).

Yet even if the Court could consider the prayer for relief as a substantive allegation, Plaintiff has failed to allege that there is any controversy regarding the maximum lien amount on the H&M DOT. Indeed, the H&M DOT states "The Lien on this Deed of Trust shall not exceed at any one time $877,500.00." Clark Decl., ¶ 8, Ex. B. Essentially, Plaintiff is requesting a declaration that the H&M DOT says what it says. No controversy could possibly exist.

Further, Plaintiff fails to allege that the controversy is sufficiently immediate. The Complaint does not contain a single allegation indicating that a judicial declaration as to the maximum lien on the H&M DOT would affect anything at all, let alone have an immediate effect. Thus, because Plaintiff has not and cannot assert an immediate controversy between the parties, the declaratory relief claim must be dismissed <u>without leave to amend</u>.

## IV. **CONCLUSION**.

For the foregoing reasons, CBT respectfully requests that the Court grant its Motion to Dismiss Plaintiff's entire Complaint pursuant to FRBP 7012 and FRCP 12(b)(5) and 12(b)(6), <u>without leave to amend</u>.

Dated: August 8, 2011          RUTAN & TUCKER, LLP

By: <u>  /s/ Timothy A. Spivey       </u>
Timothy A. Spivey
Attorneys for Defendant
CALIFORNIA BANK & TRUST, as
assignee of the FDIC, receiver for Vineyard
Bank, N.A.